Submitted June 2, reversed and remanded for entry of an order setting aside and sealing arrest record pursuant to ORS 137.225(3) August 2, 2017

## STATE OF OREGON,
*Plaintiff-Respondent,*

v.

## KIMBERLY ANNE MALM,
*Defendant-Appellant.*

Marion County Circuit Court
15CR20856; A163047

401 P3d 294

Jason E. Thompson and Ferder Casebeer French & Thompson, LLP, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before DeHoog, Presiding Judge, and Hadlock, Chief Judge, and Sercombe, Senior Judge.

## DEHOOG, P. J.

In this case, defendant was arrested in May 2015. She was charged with first-degree manslaughter, ORS 163.118, second-degree manslaughter, ORS 163.125, failure to perform the duties of a driver toward injured persons, ORS 811.705, driving under the influence of intoxicants, ORS 813.010, vehicular assault of a bicyclist or pedestrian, ORS 811.060,[1] and reckless driving, ORS 811.140. Later, on the state's motion, the court entered a judgment dismissing the charges without prejudice. Defendant subsequently filed a motion pursuant to ORS 137.225(1)(b)[2] for an order setting aside and sealing the record of the arrest.[3] The state filed a response opposing defendant's motion, asserting that "[d]efendant's circumstances and behavior from the date [of] arrest * * * do not warrant setting aside of the arrest" under ORS 137.225(3),[4] and that setting aside the arrest would not be in the best interest of justice under

---

[1] ORS 811.060 was amended by Oregon Laws 2017, chapter 388, section 1. Those amendments are not applicable to this case. *See* Or Laws 2017, ch 388, § 2.

[2] ORS 137.225 was amended in 2017. *See* Or Laws 2017, ch 338. Throughout this opinion, we refer to the version of the statute in effect at the time of defendant's motion.

[3] Pursuant to ORS 137.225(1)(b), "at any time after * * * a dismissal of the charge," an "arrested person may apply to the court that would have jurisdiction over the crime for which the person was arrested, for an order setting aside the record of the arrest."

[4] Under ORS 137.225(3),

"[u]pon hearing the motion, the court may require the filing of such affidavits and may require the taking of such proofs as the court deems proper. The court shall allow the victim to make a statement at the hearing. Except as otherwise provided in subsection (12) of this section, if the court determines that the circumstances and behavior of the applicant from the date of conviction, or from the date of arrest as the case may be, to the date of the hearing on the motion warrant setting aside the conviction, or the arrest record as the case may be, the court shall enter an appropriate order that shall state the original arrest charge and the conviction charge, if any and if different from the original, date of charge, submitting agency and disposition. The order shall further state that positive identification has been established by the Department of State Police and further identified as to Department of State Police number or submitting agency number. Upon the entry of the order, the applicant for purposes of the law shall be deemed not to have been previously convicted, or arrested as the case may be, and the court shall issue an order sealing the record of conviction and other official records in the case, including the records of arrest whether or not the arrest resulted in a further criminal proceeding."

ORS 137.225(12).[5] However, at the hearing on the motion, the state advised the trial court that it was not relying on ORS 137.225(3) in opposition to the motion and, instead, was only "going forward on subsection (12)" of ORS 137.225. The state asserted and the court agreed that subsection (12) "does not apply only to convictions" but also to arrest records and, therefore, the question was "whether or not there is clear and convincing evidence that at this time it would not be in the best interest of justice to grant the motion." The court determined, "by clear and convincing evidence, [that] granting the Defendant's motion to set aside and seal the record of arrest [was] not in the best interest of justice," and entered an order denying the motion.

On appeal, defendant assigns error to the trial court's denial of her motion. She asserts that, "by its plain text, [ORS 137.225(12)] is not applicable to this case." Furthermore, she asserts that the trial court was required to grant her motion because "there was no evidence presented that her 'circumstances and behavior' from the date of her arrest to the hearing on the motion would warrant not setting aside her" May 2015 arrest. The state now agrees that ORS 137.225(12) does not apply in this case and that the

---

[5] ORS 137.225(12) provides:

"Unless the court makes written findings by clear and convincing evidence that granting the motion would not be in the best interests of justice, the court shall grant the motion and enter an order as provided in subsection (3) of this section if the defendant has been convicted of one of the following crimes and is otherwise eligible for relief under this section:

"(a)  Abandonment of a child, ORS 163.535.

"(b)  Attempted assault in the second degree, ORS 163.175.

"(c)  Assault in the third degree, ORS 163.165.

"(d)  Coercion, ORS 163.275.

"(e)  Criminal mistreatment in the first degree, ORS 163.205.

"(f)  Attempted escape in the first degree, ORS 162.165.

"(g)  Incest, ORS 163.525, if the victim was at least 18 years of age.

"(h)  Intimidation in the first degree, ORS 166.165.

"(i)  Attempted kidnapping in the second degree, ORS 163.225.

"(j)  Attempted robbery in the second degree, ORS 164.405.

"(k)  Robbery in the third degree, ORS 164.395.

"(l)  Supplying contraband, ORS 162.185.

"(m)  Unlawful use of a weapon, ORS 166.220."

trial court erred in denying defendant's motion on the basis of that provision. We agree with the parties that the trial court erred in denying defendant's motion based on ORS 137.225(12). Under the circumstances of this case, including the fact that the state agreed that the court should not deny the motion based on the circumstances and behavior of the applicant from the date of arrest to the date of the hearing under ORS 137.225(3), the court should have granted defendant's motion.

Reversed and remanded for entry of an order setting aside and sealing arrest record pursuant to ORS 137.225(3).